IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY PAIZ,

    Plaintiff,

vs.                                                                                   No. CIV 00-1441 MV/WWD

UNITED STATES POSTAL SERVICE,
GILBERT MORA, RUBEN ROMERO,
and J.R. TRUJILLO, in their official
and individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, filed January 19, 2001 **[Doc. No. 11]**. The Court, having considered the motion, relevant law, and otherwise being fully informed, finds that the motion is well taken and will be **granted.**

Plaintiff has been an employee with the United States Postal Service (USPS) since 1989. He was a rural mail carrier working out of the Coronado Station of the Santa Fe, New Mexico Post Office. He was terminated on March 12, 1999 for being absent without leave. Plaintiff filed a complaint for damages and for violations of the Family and Medical Leave Act (FMLA). Plaintiff asserted six claims for relief:

    1. Claim under FMLA for failure to allow Plaintiff exercise of rights (Claim I);

    2. Claim under FMLA for discrimination against the Plaintiff (Claim II);

    3. Breach of Contract (Claim III);

    4. Breach of the Covenant of Good Faith and Fair Dealing (Claim IV);

     5.  Retaliatory Discharge (Claim V);

     6.  Intentional Infliction of Emotional Distress (Claim VI).

In addition to the USPS, the Plaintiff has named three of his former supervisors, all employees of the USPS, as defendants. Plaintiff seeks compensatory and equitable damages, damages for emotional distress and punitive damages.

On January 19, 2001, Defendants filed a motion to dismiss some of Plaintiffs claims. On February 1, 2001, Plaintiff filed an unopposed motion for a two-week extension of time to file a response. The Court granted this motion. Plaintiff filed a second unopposed motion for an extension of time on February 2, 2001. The Court granted this second motion and ordered Plaintiff to respond by March 3, 2001. Plaintiff has never responded, and no further motions for an extension of time have been filed. Defendants assert that they informed Plaintiff of his failure to respond by letter on March 7, 2001. Plaintiff has not responded to that letter.

As Defendants point out, under D.N.M.LR-Civ 7.3(a)(4), Plaintiff's failure to file a response "constitutes consent that briefing is complete." Under D.N.M.LR-Civ 7.5(b), Plaintiff's failure to file a response in opposition to any motion constitutes consent to grant the motion. Therefore, because Plaintiff has not responded to Defendants' motion to dismiss, the deadline to respond was over three months ago, and because neither the Court nor the Defendants have received any indication from Plaintiff that he wishes to respond to Defendants' motion, despite having been put on notice by Defendants that he has not responded, the Court will grant Defendants' motion to dismiss.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 11]** is hereby **granted.** Plaintiffs' Claims III through VI; Claims I and II against the Individual

Defendants; and Plaintiff's claims for punitive damages and damages for emotional distress are all dismissed with prejudice.

Dated this 13th day of June, 2001.

                                                                         _____
                                                                         MARTHA VAZQUEZ
                                                                         UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff</u>
Matthew E. Ortiz

<u>Attorney for Defendant</u>
Elizabeth Martinez