IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY PAIZ,

       Plaintiff,

vs.

                                                         CV No. 00-1441 MV/WWD

UNITED STATES POSTAL SERVICE,
GILBERT MORA, RUBEN ROMERO, and
J.R. TRUJILLO, in their official and
individual capacities

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Relief from Judgment **[Doc. No. 39]** and Memorandum of Law **[Doc. No. 40]** in support thereof, and on Defendant's request for sanctions **[Doc. No. 44]**. The Court, having considered the motions, briefs, relevant law and otherwise being fully informed, finds that Plaintiff's motion will be **GRANTED in part and DENIED in part**, and Defendant's request for sanctions will be **DENIED.**

**BACKGROUND**

On October 16, 2000, Plaintiff filed a Complaint **[Doc. No. 1]** against the United States Postal Service (USPS) and against three USPS employees who were his supervisors, alleging violations of the Family and Medical Leave Act (FMLA) (Claims I-II), breach of contract (Claim III), breach of the covenant of good and fair dealing (Claim IV), retaliatory discharge (Claim V) and intentional infliction of emotional distress (Claim VI). On January 19, 2001, Defendants moved to dismiss Plaintiff's non-FMLA claims and Plaintiff's FMLA claims against the individual Defendants. **[Doc.**

**No. 11 & 12]** However, Defendants did not move to dismiss Plaintiff's FMLA claims (Claims I-II) against USPS.

Plaintiff failed to file responsive pleadings, despite communication from Defendants' counsel and extensions of time granted by this Court. Under D.N.M.LR-Civ 7.5(b), Plaintiff's failure to respond in opposition to Defendants' motion constituted consent to grant the request. Accordingly, this Court granted Defendants' motion to dismiss in a Memorandum Opinion and Order filed on June 13, 2001. **[Doc. No. 35]** Although the Court's Opinion and Order stated only that it was granting Defendants' motion and did not state that it also was dismissing Plaintiff's FMLA claims against USPS, the Judgment of dismissal entered on the same day stated that "this action is hereby DISMISSED WITH PREJUDICE." **[Doc. No. 36]**

Plaintiff has filed the present motion under Rule 60 of the Federal Rules of Civil Procedure. First, Plaintiff seeks vacatur or modification of the June 13, 2001 Judgment so as to reinstate the FMLA claims against USPS that Plaintiffs argues were dismissed either due to "clerical error, omission or oversight" or a substantive mistake of law or fact. Second, Plaintiff requests that the entire Judgment be vacated and that Plaintiff's claims against Defendant be restored because Plaintiff's former counsel totally failed to meet the litigation obligations of the case, all without his client's knowledge or authority.

In their Response **[Doc. No. 44]**, Defendants contend that dismissal of the FMLA claims against USPS was appropriate for the reasons set forth in their Motion to Compel **[Doc. No. 29 & 30]** and, also, that if the Court's unsolicited dismissal of those claims was intentional, Rule 60 does not permit modification of the prior Judgment because the Court now believes it made an error. Should the Court reopen the case, Defendant requests that the Court impose sanctions against

Plaintiff because the lack of cooperation in the prior proceedings caused unnecessary delay and prejudiced Defendants. As for Plaintiff's motion to reopen the case in its entirety, Defendants argue that Plaintiff has failed to show that the claims he seeks to reinstate are meritorious, as is required for grant of a Rule 60 motion, and that he has failed to present facts that would justify granting relief due to excusable neglect.

## **STANDARD**

Rule 60(a) of the Federal Rules of Civil Procedure states that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from the oversight or omission may be corrected by the court" at any time either on its own initiative or on motion of a party. FED. R. CIV. P. 60(a). In other words, Rule 60(a) allows a court to correct "what is erroneous because the thing spoke, written or recorded is not what the person intended to speak, write or record." *Allied Materials Corp. v. Superior Prods. Co., Inc.,* 620 F.2d 224, 226 (10th Cir. 1980). This provision does not permit a court to "correct something that was deliberately done but later discovered to be wrong." *McNickle v. Bankers Life & Cas. Co.,* 888 F.2d 678, 682 (10th Cir. 1989). No additional proof should be required for such a correction. *Id.*

Rules 60(b)(1), (3) and (4) give courts the authority to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . fraud . . . , misrepresentation, or other misconduct of an adverse party; [or if] the judgment is void . . . ." Fed. R. Civ. P. 60(b)(1), (3), (4). Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. U.S. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437,

1440 (10th Cir. 1990)). Moreover, a Rule 60(b) motion is not a substitute for appeal. *See, e.g., Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996).

The Court may grant relief under Rule 60(b)(1) only in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner*, 98 F.3d at 576). If a party requests 60(b) relief for litigation mistakes that amount to a party or attorney's failure to comply with procedural requirements, the Tenth Circuit frequently has required the movant to further demonstrate that his or her claim is "meritorious." *See, e.g., Cashner*, 98 F.3d at 578 n.2; *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 n.5 (10th Cir. 1990); *Otoe County Nat'l Bank v. W & P Trucking,* 754 F.2d 881, 883 (10th Cir. 1985).

Under 60(b)(6), a movant may be granted relief for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). The Tenth Circuit has described this provision as a "grant reservoir of equitable power to do justice in a particular case." *Cashner*, 98 F.3d at 579 (quotations and citation omitted). However, a movant's burden under this catch-all provision is greater than under other subsections of Rule 60, as 60(b)(6) relief is to be granted only "when it offends justice to deny such relief." *Yapp*, 186 F.3d at 1232 (quoting *Cashner*, 98 F.3d at 580).

## DISCUSSION

### *Reinstatement of Plaintiff's Claims*

The Court concludes that the entry of Judgment dismissing all of Plaintiff's claims reflected an inadvertent clerical error. Dismissal of *all* claims was not requested by Defendants in their motion

-4-

to dismiss. Moreover, the plain words of this Court's Memorandum Opinion and Order granting Defendants' motion clearly did not include, nor did it intend to include, those particular claims. Despite the fact that the Memorandum Opinion and Order did not dismiss Plaintiff's entire complaint, the Judgment rendered in this case stated that all claims were dismissed with prejudice. Because the Judgment does not reflect the Opinion issued in this case for no apparent reason other than clerical error, Plaintff's FMLA claims against USPS will be reinstated.

However, Plaintiff has not presented the Court with sufficient evidence to warrant vacating the Judgment in its entirety and restoring those claims that in fact were dismissed by this Court. In support of his motion to reopen the case, Plaintiff argues that he was unaware of his former attorney's failure to represent him in the dismissal hearing until after the entry of judgment against him, that he used diligent efforts to contact the former attorney, and that the former attorney acted without Plaintiff's authority in consenting to entry of the adverse judgment and in failing to meet the litigation obligations of this case.

As Plaintiff himself notes, the Supreme Court has stated that there is "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link v. Wabash R. Co.,* 370 U.S. 626, 633 (1962). Indeed, in *Link*, the Court held that a district court was within its authority in making a client suffer dismissal of its lawsuit because its attorneys failed to attend a scheduled pretrial conference. *Id.* More recently, the Supreme Court affirmed that such a harsh-sounding principle is rooted firmly in principles of agency and that, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). A party who voluntarily

chose an attorney as his representative in a lawsuit cannot subsequently "avoid the consequences of the acts or omissions of this freely selected agent." *Id.* at 397.

The Tenth Circuit has stated that, "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp.*, 893 F.2d at 1146. In *Pelican*, the Tenth Circuit upheld the denial of a Rule 60 motion where the movant sought relief from a default judgment entered after its attorney failed to answer the opposing party's motions to dismiss. Stating that "[t]he burden is on the party moving to have the judgment set aside to plead and *prove* excusable neglect," *id.* (quotations and citation omitted), the appellate court concluded that the movant had not met this burden because it was unable to produce any "explanation from its former counsel for his conduct," *id.* at 1147. "Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney." *Id.* at 1146 (quotations and citation omitted).

While the conduct of Plaintiff's former counsel may appear to defy the bounds of ethical and responsible legal practice, the facts of this case cannot be said to warrant relief from judgment under the high standards set by governing case law. Although the facts of the present case differ from *Pelican* to the extent that Plaintiff here has sworn to having made an effort to contact his former counsel and does not have the benefit of "in-house" or other counsel, Plaintiff still cannot be said to have met his burden in pleading and proving excusable neglect for purposes of Rule 60(b) relief.

Even if the Court were to find that the present case falls within the narrow class where denial of such relief would "offend justice," Plaintiff's motion must be denied because he has not pleaded any facts, let alone proven, that the claims he seeks to restore are meritorious. *See Cashner*, 98 F.3d at 578 n.2.

*Defendant's Request for Sanctions*

Defendants have requested the imposition of sanctions against Plaintiff for his former counsel's "failure to provide Defendants with his initial disclosures, his failure to submit an Initial Pre-Trial Report for filing and his failure to engage in discovery." (Def.'s Resp. at 4.) Defendant asks either that the Court refuse to reinstate any of Plaintiff's claims as a sanction or, in the event that Plaintiff's Complaint is reinstated in full or in part, that the Court impose sanctions pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

Since the Court has determined that Plaintiff's FMLA claims against USPS were dismissed inadvertently due to clerical error, the Court examines Defendant's former request for sanctions as a request pursuant to Rule 37(b)(2)(C) or Rule 37(c). These provisions allow a court to dismiss an action or any part thereof as a sanction for failure to comply with a court order or with the mandatory disclosure requirements of Rule 26. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal is characterized as an "extreme sanction appropriate only in cases of willful misconduct," and "a weapon of last, rather than first, resort," since less drastic sanctions frequently will deter a previously noncompliant party. *Id.* (quotations and citations omitted). In contemplating dismissal as a sanction, a court typically should evaluate the degree of actual prejudice to defendant, amount of interference with judicial process, culpability of plaintiff, whether court warned plaintiff in advance that dismissal of action would be likely sanction for noncompliance, and efficacy of lesser sanctions. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citing *Ehrenhaus*).

In the alternate, Defendant requests sanctions pursuant to the following portion of Rule 37 (c):

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1).

In deciding whether to impose sanctions under this provision, a court must assess first whether the failure to disclose was supported by "substantial justification" and, second, whether the nondisclosure was harmless. The Tenth Circuit has held that, "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quotations omitted). Although a court is not required to make explicit findings to support its ruling on sanctions, "the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

The Court will not dismiss Plaintiff's remaining claims as a sanction for noncompliance with discovery by former counsel. While there is no doubt that such action delayed the proceedings and thereby caused more than just slight inconvenience to Defendants and the Court, it is not apparent

that the plaintiff himself is responsible for the misconduct.  Given that dismissal is a remedy of last resort and that, in this particular context, consideration may be given to the degree of the movant's "bad faith," the Court will not dismiss Plaintiff's FMLA claims against USPS as a sanction.  However, the Court does note that Plaintiff and his new counsel are expected to proceed as required by the Federal Rules and local rules of procedure, and that the Court will not hesitate to impose sanctions as may be appropriate in the future.

As for Defendants' request for the exclusion of evidence not disclosed by Plaintiff pursuant to Rule 26, the Court has no information before it to evaluate whether or not the nondisclosure is supported by "substantial justification."  Although the Court also has not been provided with any argument as to how the nondisclosure caused prejudice, the fact that *no* information was revealed suggests that the noncompliance was indeed harmful to Defendants, in that Defendants have suffered delay and incurred costs in attempting to procure that information. However because the parties were only at an early stage in discovery when Plaintiff's claims were dismissed for default, the Court does not find, at the present time, that Defendants have been or will be prejudiced or surprised by information that will be disclosed in future discovery.  Moreover, because the parties have not yet gone to trial and presumably will recommence discovery if Plaintiff continues to litigate his remaining claims, Plaintiff has ample opportunity to cure any prejudice that may have resulted from the unnecessary delay caused by past lack of cooperation.  The Court notes that its conclusion on Rule 37(c) sanctions is driven by the minimal facts presently before it; should it become apparent that Plaintiff's noncompliance with discovery has harmed Defendants in ways that are not ascertainable at the present time, the Court will reconsider exclusion of the evidence withheld, upon proper motion and pleading by Defendants.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief from Judgment **[Doc. No. 39]** is hereby **GRANTED in part** and **DENIED in part**. The Judgment of this Court dated June 13, 2001, is modified to reflect that the Court's Memorandum Opinion and Order of June 13, 2001 did not dismiss Plaintiff's Complaint in its entirety and that, in particular, Plaintiff's FMLA claims (Claims I-II) against USPS were not dismissed in that Memorandum Opinion and Order. However, to the extent that the Judgment dismissed Plaintiff's other claims against Defendants, the Judgment is not modified and the remainder of Plaintiff's claims are not hereby reinstated.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is hereby **DENIED.** However, the Court will reconsider its ruling as to the exclusion of evidence as a sanction for noncompliance with discovery, upon proper motion and briefing by Defendants, if further discovery reveals that sanctions are appropriate under the Federal Rules of Civil Procedure.

Dated this 7th day of May 2003.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
John Bigelow
Matthew E. Ortiz

Attorney for Defendant:
Carl C. Bosland
Elizabeth M. Martinez